UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05976-FWS-BFM Date: October 29, 2026
Title: Shu Wang v. Warden of Desert View Facility *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER REJECTING REPORT AND RECOMMENDATION [8]; DENYING PETITION [1]**

Before the court is the Magistrate Judge's October 19, 2026, Report and Recommendation, which recommends the court grant the Petition and, among other relief, direct Respondents to "immediately release[ Petitioner] on the parole conditions that applied before he was detained." (Dkt. 8 ("Report and Recommendation" or "R&R") at 6.) Based on the record, as applied to the relevant law, and on *de novo* review, *see* 28 U.S.C. § 636(b)(1)(C), the court **REJECTS** the Report and Recommendation and **DENIES** the Petition.

## I. Background

Petitioner Shu Wang is a citizen of China who "entered the United States on or about January 29, 2025, without inspection and was apprehended by Immigration and Customs Enforcement ('ICE')" at that time. (Dkt. 1 ("Petition" or "Pet.") ¶¶ 1, 6, 16.) In February 2025, "the Department of Homeland Security issued Petitioner a Notice to Appear," and "ICE released Petitioner from custody and required him to report to ICE regularly." (*Id.* ¶¶ 17-18.) Petitioner complied with the terms of his supervision and "has no criminal history." (*Id.* ¶ 20.)

Petitioner filed an application for asylum, which was denied on October 6, 2026. (*Id.* ¶ 19.) Petitioner intends to appeal, and represents that a notice of appeal is due by November 6, 2026. (*Id.*)

On December 22, 2025, after Petitioner appeared as ICE instructed, "ICE officers arrested him" and "told Petitioner that he was being taken into custody because he had missed a

scheduled home visit on December 2, 2025." (*Id.* ¶¶ 21-22.) However, "Petitioner was at home that day, and no one came to his residence or called him." (*Id.* ¶ 22.) Petitioner alleges he was not given any notice "that his release had been revoked or that he would be re-detained," and was not "provided with a bond hearing or any opportunity to contest his detention beforehand." (*Id.* ¶ 23.) In addition, the detaining officers "did not present or show [Petitioner] any warrant authorizing his detention." (*Id.* ¶ 23.) "Petitioner has remained in ICE custody at the Desert View Facility in Adelanto, California, since December 22, 2025, more than nine months," where Petitioner's condition due to hepatitis B "has worsened." (*Id.* ¶¶ 25-27.)

On February 19, 2026, an immigration judge held a bond hearing, but Petitioner's "[b]ond request was withdrawn without prejudice." (Dkt. 7-2.)

On March 6, 2026, an immigration judge held a second bond hearing, and denied bond because it determined it "d[id] not have jurisdiction to set bond pursuant to Matter of Q. Li" and that Petitioner "is also not a Bautista class member since he was apprehended upon arrival." (Dkt. 7-3.)

On March 8, 2026, Petitioner—represented by private counsel different from the private counsel representing Petitioner in this case—brought a different Petition for Writ of Habeas Corpus alleging that he was detained in violation of his constitutional right to due process and should be released. (Case No. 5:26-cv-01530-FWS-BFM (C.D. Cal. March 8, 2026) ("Prior Case"), Dkt. 1.) More specifically, in the Prior Case Petitioner alleged that his detention was unlawful based on a July 2025 DHS policy that "considers anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)." *Mosqueda v. Noem*, 2025 WL 2591530, at *1 (C.D. Cal. Sept. 8, 2025); (Prior Case, Dkt. 1 ("Prior Case Petition") ¶ 5 ("Section 1225(b)(2)(A) does not apply to individuals like Petitioner who previously entered and are now residing in the United States. Instead, such individuals are subject to a different statute, § 1226(a), that allows for release on conditional parole or bond.")). "Pursuant to section 1225(b)(2)(A) 'applicants for admission' who are 'seeking admission' are subject to mandatory detention." *Id.* "Prior to the new policy, foreign nationals . . . who were charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole." *Mosqueda*, 2025 WL 2591530, at *1. On

May 5, 2026, the court accepted a Report and Recommendation granting the Prior Case Petition "to the extent it seeks a finding that Petitioner's detention is governed by 8 U.S.C. § 1226(a)" and enjoining Respondents "from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order." (Prior Case, Dkt. 25.)[1]

On May 11, 2026, an immigration judge held a third bond hearing with reference to the Prior Case, and denied bond based on "[f]light risk, which no amount of bond can ameliorate." (Dkt. 7-4; *see* Prior Case, Dkt. 26.)

Petitioner then filed in the Prior Case, acting *pro se*, a First Amended Petition for Writ of Habeas Corpus, maintaining that the reasons for bond denial, which "included sponsor income, his wife's pending immigration proceedings, and the alleged reporting or home-visit issue," "are curable." (Prior Case, Dkt. 34 ("Prior Case First Amended Petition") ¶¶ 18-19.)

On June 25, 2026, an immigration judge held a fourth bond hearing with reference to *Rodriguez v. Robbins*, though Petitioner's "[b]ond request [was] withdrawn without prejudice at [Petitioner's] request, entered through counsel." (Dkt. 7-5.)

On September 19, 2026, the court accepted a Report and Recommendation in the Prior case recommending that the Petition be denied because, among other reasons, "The IJ Did Not Abuse Its Discretion in Flight Risk Determination." (Prior Case, Dkt. 52 (R&R) at 5 (heading); *see also* Prior Case, Dkts. 55 (Order Accepting R&R), 56 (Judgment).)

On October 8, 2026, Petitioner, represented by different private counsel than the private counsel in the Prior Case, filed this case alleging that his December 2025 detention violated the due process clause of the Fifth Amendment, and is unlawful under 8 U.S.C. § 1226(a). (Pet. ¶¶ 29-47.) The Petition in this case makes no reference to the Prior Case. (*See generally* Pet.;

---

[1] Because Petitioner was detained upon arrival and not somewhere in the interior of the United States, it is not clear to the court on the present record that the question of whether Section 1225(b)(2)(A) or Section 1226(a) applied was properly before the court in the Prior Case. For purposes of this case, the issue is immaterial; *even if* Section 1226(a) governs, the court would find the appropriate remedy is a bond hearing, not release.

*cf.* Prior Case, Dkt. 39 ("On July 8, 2026, counsel moved to withdraw, indicating that he had been contacted by another attorney who had inquired about substituting into the case, and that his client's wife had asked him to relinquish his file.").) Respondents oppose the Petition. (Dkt. 7 ("Opposition" or "Opp.").)

## II. Legal Standards and Analysis

As a preliminary matter, the court must note that the Petition appears to present issues the court has previously decided, such that significant court resources may have been spent relitigating issues already decided. In any event, the court turns to the merits.

As explained, in this case Petitioner argues that his detention is unlawful under 8 U.S.C. § 1226(a) and that release is the proper remedy for the Fifth Amendment violation associated with Petitioner's detention. (Pet. ¶¶ 29-47.) But Petitioner has already made this argument, and the court has already rejected the remedy Petitioner seeks for the same alleged wrong. On May 5, 2026, the court accepted a Report and Recommendation granting the Prior Case Petition "to the extent it seeks a finding that Petitioner's detention is governed by 8 U.S.C. § 1226(a)" and enjoining Respondents "from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order." (Prior Case, Dkt. 25.) Then, in his Reply in support of the Prior Case Amended Petition, Petitioner made similar arguments to those he advances here: that the proper remedy for a detention that violated the Fifth Amendment was release. (Prior Case, Dkt. 49 at 3 (arguing bond hearings did not moot Prior Case Petition because "the petitioner seeks **release**, not merely a remand") (emphasis in original).) And the court subsequently accepted a Report and Recommendation denying the Prior Case Amended Petition. (Prior Case, Dkts. 52 (R&R), 55 (Order Accepting R&R, 56 (Judgment).) Nothing in the record persuades the court to alter its prior decision that a bond hearing is the appropriate remedy for any unlawful detention in this case. (*See* Prior Case, Dkts. 18, 25, 49, 52, 55.)

Petitioner does not challenge in this case, as he did in the Prior Case, the sufficiency or adequacy of the bond hearings provided. (*See* Prior Case, Dkt. 49 (challenging the bond denial and arguing that Petitioner had sufficiently exhausted administrative remedies).) If he did, the court would find that Petitioner failed to exhaust his administrative remedies and that excusing that failure is not appropriate. *See Puga v. Chertoff*, 488 F.3d 812, 816 (9th Cir. 2007)

(“Consequently, because Gama Puga could, and should have, exhausted his ineffective assistance of counsel claim by filing a timely motion to reopen with the BIA when he retained new counsel, his habeas petition was not properly before the district court.”); *Laing*, 370 F.3d at 1000 (“Here, however, we find no indication in the record, or the briefs, of any reason to waive the exhaustion requirement. Indeed, the district court’s habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.”); *Castro-Cortez*, 239 F.3d at 1047 (“The district court was not authorized to hear these petitions under § 2241, because direct review was available.”); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). (“Here, Leonardo pursued habeas review of the IJ’s adverse bond determination before appealing to the BIA. This short cut was improper.”); *Pinto-Nunez v. Warden*, 2026 WL 1031033, at *2 (E.D. Cal. Apr. 16, 2026) (“The undersigned finds that analysis of the *Puga* factors does not support waiver of the exhaustion requirement, as relaxation of the requirement may encourage bypass of the administrative scheme and administrative review may allow correction of mistakes and generation of a proper record, as well as preclude the need for judicial review.”); *Nagiyev v. Warden, Otay Mesa Det. Ctr.*, 2026 WL 945965, at *2 (S.D. Cal. Apr. 7, 2026) (“The Court follows other courts in this District and declines to waive the exhaustion requirement. Therefore, Petitioner has failed to exhaust his administrative remedies, and the present challenge is improper.”); *Fernandes v. Warden*, 2026 WL 1005075, at *2 (S.D. Cal. Apr. 14, 2026) (same); *Hekmat v. Imperial Regional Detention Facility*, 2026 WL 1027741, at *3 (S.D. Cal. Apr. 15, 2026) (“Petitioner in this case has failed to exhaust his administrative remedies. He had the option to appeal his bond denial to the BIA and has failed to do so. . . . Thus, the Court finds appeal to the BIA is a necessary prerequisite in this case before it may consider any error on the part of the Immigration Judge.”); *Kithima v. Albarran*, 2026 WL 1078236, at *3 (E.D. Cal. Apr. 21, 2026) (report and recommendation submitted to district judge stating, “I agree with the analysis in *Martinez* and find that petitioner has not established that her administrative remedies are inadequate or not efficacious. Petitioner therefore has not demonstrated that the court should waive the exhaustion requirement.”); *Yu v. Noem*, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026) (report and recommendation submitted to district judge stating, “The undersigned finds that exhaustion of administrative remedies is required in this case and that petitioner has failed to establish any valid exception to the exhaustion requirement.”); *see also Siyad v. Noem*, 2026 WL 1078174, at *6 (S.D. Ohio Apr. 21, 2026) (“While some district courts in this circuit have chosen to waive exhaustion due to the delay caused by a potentially lengthy appeal process, such a decision remains in the Court’s discretion.”). Alternatively, the court would reaffirm its prior decision

that the Petition should be denied because, among other reasons, "The IJ Did Not Abuse Its Discretion in Flight Risk Determination." (Prior Case, Dkt. 52 (R&R) at 5 (heading); *see also* Prior Case, Dkts. 55 (Order Accepting R&R), 56 (Judgment).)

In summary, the court finds Petitioner reasserts claims the court has already rejected and presents no new facts, evidence, law, or other reason to change the court's conclusions in the Prior Case. Accordingly, the Petition is **DENIED.**

## III. Disposition

For the foregoing reasons, the Report and Recommendation is **REJECTED**. The Petition is **DENIED.** The court will enter judgment consistent with this Order.